UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| TEDDY RAY JENKINS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-15-793-HE |
| ANITA TRAMMELL et al., | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Teddy Ray Jenkins, a state prisoner appearing pro se and proceeding *in forma pauperis*, has initiated the present action seeking issuance of an extraordinary writ due to alleged violations of his constitutional rights at the Oklahoma State Penitentiary in McAlester, Oklahoma ("OSP McAlester"). *See* Pet. (Doc. No. 1). United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). For the reasons that follow, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Oklahoma.

### PETITIONER'S CLAIMS AND RELIEF SOUGHT

Petitioner, who is incarcerated at OSP McAlester, alleges in his "Emergency Ex Parte Writ" that in July 2015, various OSP McAlester officials conspired against Petitioner to improperly confiscate his legal papers and to prevent him from sending documents for filing in a lawsuit in which he is challenging fraud in connection with his underlying criminal conviction in Oklahoma County District Court. Pet. at 1-4.

Petitioner requests that the Court "[r]estrain these officials from seizing [his] papers." Pet. at 4.

## ANALYSIS

*A. Screening*

The Court is obligated to conduct an initial review of the Petition and dismiss the Petition, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a)-(b) (requiring the Court to review any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"); *id.* § 1915(e)(2)(B) (governing *in forma pauperis* cases and requiring dismissal under these grounds "at any time"); Doc. No. 8 (order granting Petitioner leave to proceed *in forma pauperis*). A petition for a writ filed by a prisoner falls within the scope of these statutes and is subject to screening. *Cf. Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("[P]etitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915."); *Murrell v. Upton*, No. CIV-12-635-F, 2012 WL 4128304 (W.D. Okla. Aug. 29, 2012) (R. & R.), *adopted*, 2012 WL 4161389 (W.D. Okla. Sept. 18, 2012) (applying § 1915 to *in forma pauperis* application by prisoner petitioning for writ of mandamus).

Pursuant to this screening duty, the Court may consider sua sponte whether proper venue is lacking "when the defense is obvious from the face of the [pleading] and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F.

App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider . . . venue on a § 1915 screening . . . ."). The Court accordingly may consider whether transfer to another venue would better serve the interests of justice. *See, e.g.*, *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.").

   *B. Proper Venue in This Lawsuit*

For a federal civil action such as the one brought by Petitioner, venue is proper in a judicial district where: (1) any defendant resides, if all defendants are residents of the state in which that district is located; or (2) a substantial part of the events giving rise to the claims occurred. *See* 28 U.S.C. § 1391(b)(1), (2). If more than one district offers a proper venue, the Court of the district in which the action was originally filed may consider whether the action should be transferred to another qualifying district in the interest of justice and for the convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

Venue is presumably proper in the Western District of Oklahoma. Of the seven named Respondents—Petitioner also purports to seek relief from "other unknown State officials," *see* Pet. at 1—one is Tammy Bass-LeSure, a former judge in the District Court of Oklahoma County, Oklahoma. *See id.* at 1, 3. Because the District Court of Oklahoma County lies within the Western District of Oklahoma, venue presumably lies in this judicial district. *See* 28 U.S.C. §§ 116(c), 1391(b)(1); Court Clerk: Oklahoma County, http://www.oklahomacounty.org/courtclerk/ (last visited Oct. 26, 2015).

Venue also is proper in the Eastern District of Oklahoma. Aside from former judge Ms. Bass-LeSure, the remaining six named Respondents are identified as officials at OSP McAlester. *See* Pet. at 1-3 (naming Warden Trammell, Lt. Horvak, Cpl. McGee Hee, Cpl. Haye, Property Officer and Special Report Writer Elliott, and Mail Official Orman); 28 U.S.C. § 1391(b)(1). Further, Petitioner's allegations make clear that "a substantial part of the events" "giving rise" to Petitioner's claims occurred at OSP McAlester, where officials allegedly interfered with Petitioner's possession and mailing of legal papers. *See* Pet. at 1-4; 28 U.S.C. § 1391(b)(2). Because these Respondents and OSP McAlester are located in Pittsburg County, Oklahoma, which lies within the Eastern District of Oklahoma, this action "might have been brought" in the United States District Court for the Eastern District of Oklahoma. *See* 28 U.S.C. §§ 116(b), 1391(b)(1)-(2), 1404(a).

Because venue properly lies in both districts, the Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interest of justice. *See id.* § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *Love's Travel Stops*, 2010 WL 4811450, at *6. Given that the events alleged by Petitioner occurred entirely in the Eastern District of Oklahoma, and the only Respondent who appears to reside in the Western District of Oklahoma is an ex-judicial officer not alleged to be involved with any of the events underlying Petitioner's request for an extraordinary writ, the Court should find that such a transfer is in the interest of justice.

4

Six of the seven named Respondents work at OSP McAlester and presumably reside in the Eastern District of Oklahoma. The misconduct that Respondents allegedly engaged in, and the relief that Petitioner seeks, are confined to the Eastern District. For example, the described deprivation of legal papers and failure to properly assist with Petitioner's legal mailing all allegedly took place, or allegedly will take place, at OSP McAlester. *See* Pet. at 1-4. Because the misconduct alleged by Petitioner occurred or will occur at OSP McAlester, the likely witnesses in this litigation are officials and prisoners at OSP McAlester, who presumably reside in the Eastern District. As for the Western District of Oklahoma, Petitioner names former judge Ms. Bass-LeSure as a Respondent but, beyond the fact that she presided over his underlying criminal conviction, Petitioner does not contend that Ms. Bass-LeSure was directly involved in or even aware of the misconduct alleged as the basis for the relief he seeks. *See* Pet. at 1-4. Nor does Petitioner allege facts that suggest that any other person located within the Western District is likely to be called as a witness in these proceedings.

Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(1) and (2), and that district has a significantly greater connection to the acts and persons at issue in the Petition than does the Western District of Oklahoma. Accordingly, the undersigned recommends that this case be transferred pursuant to 28 U.S.C. § 1404(a).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 19, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 29th day of October, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE