# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEDDY RAY JENKINS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. CIV-16-106-JHP-SPS ) |
| ANITA TRAMMELL, Warden, *et al.*, | ) ) ) ) |
| Respondents. | ) |

## OPINION AND ORDER

On July 21, 2015, Petitioner filed a document entitled Emergency Ex Parte Petition for Writ of Mandamus (Dkt. # 1) in the Western District of Oklahoma. The gist of petitioner's pleadings is that some prison officials told him he could not keep more than one cubic foot of legal materials within his cell and he requested the court issue a restraining order to keep prison officials from seizing his excess legal papers. Additionally, petitioner requested that the court appoint counsel and an investigator to file a follow up petition. Since the filing of this petition, petitioner has continually filed motions requesting extensions of time to amend his pleadings. On September 8, 2015, an order was entered granting petitioner's motion for leave to proceed *in forma pauperis*. Dkt. # 8. On October 14, 2015, United States Magistrate Judge Goodwin granted petitioner's motions seeking additional time to pay his filing fee and denied his motion for appointment of counsel and/or an investigator. Dkt. # 16.

On October 23, 2015, Petitioner filed a motion to extend the time to file a motion to amend his complaint. In this motion, Petitioner claims he is in the "affidavit stage of pleading special matters." Dkt. # 21, at p. 1. The motion further indicates Petitioner is trying to raise claims of "fraud, retalation (sic), and medical issues dealing with [petitioner] being infected by an illness H-pylow (sic) and other things through the selective food service issues and drugged by the correctional officers at the Okla. State Pen. OSP." *Id.*

On November 2, 2015, petitioner filed a pleading entitled "Affidavit and Motion Emergency Temporary Restraining and Protective Order; Preliminary Injunction and Appointment of Counsel and Evidentiary Hearing." Dkt. # 25. In said pleading, petitioner claimed he needed to restrain Ms. Cherrie Guay[1] from "disposing of my excessive legal property." Additionally, petitioner filed another document entitled "Motion Order Clerk for Copies at Expense." Dkt. # 26. In this motion, petitioner asked the court to make the warden send him "stamped filed copy of 2 letters" that he claims to have sent to the warden; send a "stamped filed copy of the TRO and motion." *Id.,* at p. 1. On November 27, 2015, petitioner filed a motion to extend time to object to the report and recommendation and to amend his complaint. Dkt. #s 28 and 29. In this motion, petitioner indicated he needed more time to "adequately object to Report and Recommendation; and to adequately amend original complaint." Petitioner further indicates when he amends his complaint, the majority of the factual issues will have arisen in the Western District of Oklahoma. These factual issues purportedly will involve the "original conspiracy to falsely arrest and maliciously prosecute

---

[1] Ms. Guay was not previously named as a respondent party.

me." Dkt. # 29, at p. 1.[2] Petitioner further claims the injunctive remedies he is seeking "will deal with getting the records the cities and counties have" regarding "fraud in the original conviction and other crimes evidence used in that case." *Id*, at p. 2. On December 3, 2015, a district court judge granted petitioner's motion to extend the deadline to file objections to the Report and Recommendation and petitioner was given until January 4, 2016 to file his objections. Dkt. # 30. Thereafter, on January 11, 2016, petitioner filed a pleading entitled "Mot.Ext. Ti. Obj. Rept to Change Venue from 01/04/16 - 02/04/16." Dkt. # 31. On March 22, 2016, the court denied petitioner's request for more time to object to the Report and Recommendation, adopted the Report and Recommendation, and transferred this matter to this court. Dkt. # 32.

On March 23, 2016, the court clerk sent a letter to plaintiff advising him that he had to complete USM-285 forms for each named defendant and return the forms by April 6, 2016. Dkt. # 35. Thereafter, on June 5, 2017, a minute order was entered directing the plaintiff to show cause within fourteen days why the action should not be dismissed without prejudice for failure to prosecute the case. Petitioner was granted an extension until July 12, 2017 to respond to the court's order. Dkt. # 38. On July 17, 2017, Petitioner filed two more motions to extend the time to show cause (Dkt. #s 39 and 40).

To the extent this case has been pending for more than two years and petitioner has never completed any forms for the United States Marshal to serve upon respondents despite

---

[2]The issues petitioner claims will be included in an amended complaint are unrelated to the issues alleged in the original petition for writ of mandamus. *See*, Dkt. # 1.

having been advised to complete said forms more than a year ago, this court finds petitioner has failed to show good cause why this action should not be dismissed without prejudice. As a result, this court hereby **DENIES** petitioner's motions to further extend the time to show cause (Dkt. #s 39 and 40) and orders that this action be dismissed without prejudice for failure to prosecute. All other pending motions are denied as moot.

It is so ordered on this 11th day of September, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma